UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DALE EDMONDS, et al.,                    :
                                         :
            Plaintiffs,                  :
                                         :        CASE NO. 1:19-cv-00065-JRG-CHS
v.                                       :
                                         :
CITY OF CHATTANOOGA, et al.,             :
                                         :
            Defendants.                  :
_____ :

## ANSWER

Come now the Defendants, City of Chattanooga ("the City") and Jason Clemons, James Elliott, Rick Van Ness, and Jerri Sutton, in their official and individual capacities, and Cody Thomas and Stephen Bulkley, in their official capacities, (collectively "these Defendants") by and through counsel, and for answer to the Complaint styled against them ("the Complaint") by Dale Edmonds and Alinda Edmonds ("the Plaintiffs") state the following:

## FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

## SECOND DEFENSE

For answer to the specific allegations of the Complaint, these Defendants state as follows:

1.      To the extent that a response is required regarding the allegations contained in Paragraph 1 of the Complaint, these Defendants admit that the Plaintiffs have alleged various claims against the City and the named Defendants in their individual and official capacities, but deny that any of these Defendants violated any of Plaintiffs' rights under the United States

Constitution, 42 U.S.C. §§ 1983 and 1988, any statutory or common laws of the State of Tennessee, or any other basis of liability.

2.      These Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      These Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      These Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      These Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      These Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Regarding the allegations contained in Paragraph 7 of the Complaint, these Defendants admit that Plaintiffs have alleged various claims against the City and the named Defendants in their individual and official capacities but deny that any of these Defendants violated any of Plaintiffs' rights under the United States Constitution, 42 U.S.C. § 1983, other statutory and common laws of the State of Tennessee, or any other basis of liability. These Defendants admit that this Court has subject matter jurisdiction over all federal claims and state law claims set forth in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1441.

8.      Regarding the allegations contained in Paragraph 8 of the Complaint, these Defendants admit that Plaintiffs have alleged that certain acts occurred in Hamilton County and, thus, venue is proper in this District Court. These Defendants are without sufficient information or knowledge to admit or deny the allegation that Plaintiffs are residents of Hamilton County; therefore, for purposes of this Answer, those allegations are denied. These Defendants admit subparagraphs (b) and (c) of Paragraph 8 of the Complaint.

9.      Regarding the allegations contained in Paragraph 9 of the Complaint, these Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein regarding Plaintiffs' citizenship and residency; therefore, for purposes of this

Answer, those allegations are denied. These Defendants admit that Plaintiffs are African-American.

10.     These Defendants admit that City policymakers establish the policies, practices and customs of the City which are referenced in the allegations contained in Paragraph 10 of the Complaint.

11.     Regarding the allegations contained in Paragraph 11 of the Complaint, these Defendants admit that all police officers employed by the City are certified and trained above the minimum levels required by the State of Tennessee as to the safe confinement and treatment of persons in custody. These Defendants further admit that the City has implemented rules and regulations to prevent recurring patterns of misconduct by City officers and to place supervisory personnel on notice of recurring misconduct by its officers in the course and scope of their duties. Any and all other allegations contained in Paragraph 11 of the Complaint are denied.

12.     Regarding the allegations contained in Paragraph 12 of the Complaint, to the extent such claims are based on the negligent acts or omissions of one or more City employees in their official capacities, such allegations are admitted. Any and all other allegations contained in Paragraph 12 are denied.

13.     These Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     These Defendants admit the allegations contained in Paragraph 14 of the Complaint.

FACTUAL BASIS – INDIVIDUAL DEFENDANTS

15.     Upon information and belief, these Defendants admit the allegations contained in Paragraph 15 of the Complaint except as to the first name of the individual alleged to have fired the gun.

16.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint. Therefore, for purposes of this Answer, those allegations are denied.

17.     Upon information and belief, these Defendants admit that an individual who claimed to be from the Tennessee Department of Human Services ("DHS") was present at Plaintiffs' home at 1719 S. Seminole Drive ("the House") during the incident at issue on February 14, 2018. Any and all other allegations contained in Paragraph 17 are denied.

18.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint. Therefore, for purposes of this Answer, those allegations are denied.

19.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of the Complaint. Therefore, for purposes of this Answer, those allegations are denied.

20.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint. Therefore, for purposes of this Answer, those allegations are denied.

21.     Regarding the allegations contained in Paragraph 21, including subparagraph (a), of the Complaint, these Defendants admit that Officers Thomas, Clemons, Elliott, Van Ness and Bulkley arrived at the House sometime after 8:00 p.m. February 14, 2018, as a result of a 911 call

by neighbor Frank Humphries, in which he stated that someone was seated in a car in the Plaintiffs' driveway. These Defendants further admit that Thomas' police report referred to the caller as "an unknown party" because the officers at the scene did not know at the time who called in the complaint. Any and all other allegations contained in Paragraph 21 are denied.

22.     These Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Regarding the allegations contained in the first sentence of Paragraph 23, these Defendants admit that Officers Thomas, Clemons, Elliott, Van Ness and Bulkley were at 1719 South Seminole Drive and that an Incident Detail Report states that said individuals were there. These Defendants do not know what the Plaintiffs currently know or will determine, and therefore, for purposes of this Answer, all remaining allegations in the first sentence of Paragraph 23 are denied. These Defendants deny the allegations contained in the second sentence of Paragraph 23.

24.     These Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of the Complaint. Therefore, for purposes of this Answer, those allegations are denied.

26.     Regarding the allegations contained in Paragraph 26 of the Complaint, these Defendants admit that Dale Edmonds entered the kitchen while Officer Van Ness and perhaps another defendant or two were in the kitchen, that the officers had their guns drawn and that some of the officers were aware that someone had been shot at that location a few days before the incident at issue. These Defendants deny all other remaining allegations in Paragraph 26.

27.     These Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Regarding the allegations contained in Paragraph 28 of the Complaint, these Defendants admit that one individual defendant told Dale Edmonds to put his hands up and one

individual defendant told him to be quiet. These Defendants deny all other remaining allegations contained in Paragraph 28.

29.     Regarding the allegations contained in Paragraph 29 of the Complaint, these Defendants admit that at some point while officers were at the scene Dale Edmonds stated that he and his wife lived in the House, that he had been released from the hospital that day, that he had been shot and that he could not raise both hands. These Defendants deny all other remaining allegations contained in Paragraph 29.

30.     These Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     These Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Regarding the allegations contained in Paragraph 32 of the Complaint, these Defendants admit that they asked the Plaintiffs who else was in the House and that the Plaintiffs stated that a DHS employee was there. These Defendants deny all other remaining allegations contained in Paragraph 32.

33.     These Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Regarding the allegations contained in the first sentence of Paragraph 34 of the Complaint, these Defendants admit that they ordered LaGuardia outside in the same manner as the Plaintiffs. These Defendants deny that they used any physical force against LaGuardia or either of the Plaintiffs and deny all remaining allegations in that sentence. Upon information and belief, these Defendants admit that LaGuardia is a white male.

35.     These Defendants deny the allegations contained in Paragraph 35 of the Complaint. These Defendants further deny that they used any physical force against either of the Plaintiffs or LaGuardia.

36.     Regarding the allegations contained in Paragraph 36 of the Complaint, these Defendants will establish that they had a valid basis to enter the Plaintiffs' House based upon the dispatch information which was provided to them. These Defendants admit that they did not have a search warrant to enter, but they will establish that they entered based on exigent or emergency circumstances and that there was no Fourth Amendment violation. All other remaining allegations contained in Paragraph 36 are denied.

37.     These Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     These Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Regarding the allegations contained in Paragraph 39 of the Complaint, these Defendants admit that Dale Edmonds filed an Initial Report of Complaint with the Chattanooga Police Department in 2018, but upon information and belief, they assert that it was filed with Internal Affairs ("IA") in February 2018. These Defendants are without sufficient information or knowledge to admit the remaining allegations contained in that paragraph. Therefore, for purposes of this Answer, those allegations are denied.

40.     Regarding the allegations contained in Paragraph 40 of the Complaint, these Defendants admit that the Plaintiffs went to the IA office on a few occasions to inquire about the status of their complaint and spoke with an individual named Regina on at least a couple of those occasions. These Defendants do not know the dates that the Plaintiffs made the inquiries. All remaining allegations in that paragraph are denied.

41.     These Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Regarding the allegations contained in Paragraph 42 of the Complaint, these Defendants admit that the Plaintiffs went to the IA office on a few occasions to inquire about the status of their complaint and spoke with an individual named Regina on at least a couple of those

occasions. These Defendants do not know the dates that the Plaintiffs made the inquiries. All remaining allegations in that paragraph are denied.

43. These Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. These Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Regarding the allegations contained in Paragraph 45 of the Complaint, these Defendants admit that the Plaintiffs spoke with Sgt. Willoughby regarding their complaint, but upon information and belief, they assert that the conversation occurred shortly after the Initial Report of Complaint was filed. These Defendants admit that Sgt. Willoughby reviewed the body-worn camera video and stated that someone would get back with them regarding their complaint. All remaining allegations in that paragraph are denied.

46. These Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Upon information and belief, these Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48. Regarding the allegations contained in Paragraph 48 of the Complaint, these Defendants admit that Captain Sutton told Dale Edmonds that he would receive a letter about CPD's investigation into his complaint. All remaining allegations contained in Paragraph 48 are denied.

49. These Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. These Defendants admit the allegations contained in Paragraph 50 of the Complaint.

## FACTUAL BASIS – CITY LIABILITY, PART 1

51.     Regarding the allegations contained in Paragraph 51 of the Complaint, these Defendants admit that Captain Janet Crumley retired from CPD in 2004. All remaining allegations contained in Paragraph 51 are denied.

52.     These Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     These Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     These Defendants deny the allegations contained in Paragraph 54 of the Complaint.

## FACTUAL BASIS – CITY LIABILITY, PART 2

55.     These Defendants deny all allegations set forth in Paragraph 55 of the Complaint, including subparagraphs (a) through (tt). These Defendants would submit that Plaintiffs have included a collage of unrelated incidents and lawsuits filed by Plaintiffs' current counsel and others that do not in any way establish any unconstitutional policies, customs or practices adopted by any City policymaker. All such allegations are denied, and strict proof is demanded thereof in the trial of this cause to the extent this Court determines said allegations to be material and relevant to the claims against the City.

56.     These Defendants deny the allegations contained in Paragraph 56 of the Complaint, including subparagraphs (a) through (d), and strict proof is demanded thereof in the trial of this cause to the extent this Court determines said allegations to be material and relevant to the claims against the City.

57.     These Defendants deny the allegations contained in Paragraph 57 of the Complaint, and strict proof is demanded thereof at the trial of this cause to the extent this Court determines said allegations to be material and relevant to the claims against the City.

58.     These Defendants deny the allegations contained in Paragraph 58 of the Complaint, and strict proof is demanded thereof at the trial of this cause to the extent this Court determines said allegations to be material and relevant to the claims against the City.

59.     These Defendants deny the allegations contained in Paragraph 59 of the Complaint, and strict proof is demanded thereof at the trial of this cause to the extent this Court determines said allegations to be material and relevant to the claims against the City.

COUNT ONE:
VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
UNREASONABLE SEIZURE BY EXCESSIVE FORCE

60.     In response to Paragraph 60 of the Complaint, these Defendants incorporate by reference their previous responses to Paragraphs 1-59 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

61.     In response to Paragraph 61 of the Complaint, these Defendants deny that any of them used excessive force against the Plaintiffs or failed to intervene or prevent their fellow defendants or anyone else from using excessive force against the Plaintiffs. Any and all remaining allegations contained in that paragraph are denied.

62.     In response to Paragraph 62 of the Complaint, these Defendants deny that any of them engaged in misconduct with respect to the Plaintiffs and therefore, there was no duty to report misconduct to command staff. Consequently, Paragraph 62 of the Complaint is denied in its entirety.

63.     In response to Paragraph 63 of the Complaint, these Defendants deny that any of them used any force against the Plaintiffs that was unlawful, carried a high risk of causing serious and life-threatening bodily harm, was unnecessary and unreasonable under the circumstances, or

that caused any injuries or harm to the Plaintiffs. Consequently, Paragraph 63 of the Complaint is denied in its entirety.

64.     These Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     In response to Paragraph 65 of the Complaint, these Defendants deny that any of them failed to intervene and stop their fellow officers from engaging in misconduct or failed to report misconduct. Consequently, Paragraph 65 of the Complaint is denied in its entirety.

66.     Regarding the allegations contained in Paragraph 66 of the Complaint, these Defendants admit that the City has a duty to properly train its officers regarding the use of force but deny that any of the officers used excessive force in the case at hand. These Defendants further deny that the City breached any duty owed to the public regarding the proper training of its police officers, and therefore the allegations are denied. These Defendants submit that the individual defendants are entitled to qualified immunity, and the City is not liable for any duty owed to the public generally, under the Public Duty Doctrine as interpreted by the Tennessee Supreme Court as a matter of law or under federal law from such claims. Any and all other allegations in Paragraph 66 of the Complaint are denied.

67.     Regarding the allegations contained in Paragraph 67 of the Complaint, these Defendants deny that the City violated any non-delegable duty by retaining officers with a propensity to commit violence toward citizens or fabricate evidence in violation of departmental policy. The City will establish that its written and trained policies on discipline of officers who violate policy were developed within constitutional requirements to protect employee rights and the public. Consequently, Paragraph 67 of the Complaint is denied in its entirety.

68.     Regarding the allegations contained in Paragraph 68 of the Complaint, these Defendants deny that any of them engaged in misconduct. The City will establish that all

complaints of officer misconduct are properly investigated, then reviewed by command staff and an Administrative Review Committee composed of members of the public before discipline is administered by the Chief of Police to protect employee rights and the public. Consequently, Paragraph 68 of the Complaint is denied in its entirety.

69. Regarding the allegations contained in Paragraph 69 of the Complaint, these Defendants admit that the City investigates use of force reports but deny that any of them used excessive force. The City denies that any policymaker has failed to properly and fully investigate officer use of force reports. Any and all other allegations contained in Paragraph 69 of the Complaint are denied.

70. All of the allegations contained in Paragraph 70 of the Complaint are denied. These Defendant officers are not aware of any lack of action as to Page, who was not a police officer for the City.

71. The Complaint does not contain a Paragraph 71.

72. These Defendants deny the allegations contained in Paragraph 72 of the Complaint. The City specifically denies that any actions of its policymakers constituted deliberate indifference.

73. Regarding the allegations contained in Paragraph 73 of the Complaint, these Defendants admit that the officers named in said paragraph were acting under color of law at the time of the incident giving rise to this lawsuit. All of these Defendants deny that any of them committed any negligent or intentional act that created any cause of action under 42 U.S.C. § 1983 or the United States Constitution. The City specifically denies that any actions of its policymakers constituted deliberate indifference to any constitutional rights of these Plaintiffs. Any and all other allegations in Paragraph 73 of the Complaint are denied.

74.     The allegations contained in Paragraph 74 do not require a response by these Defendants. To the extent a response is required, these Defendants admit said allegations in the same manner as their response to Paragraph 1 of this Answer, which is adopted by reference.

75.     These Defendants deny the allegations contained in Paragraph 75 of the Complaint. It is expressly denied that the Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against any of these Defendants as a matter of law. It is expressly denied that either of the Plaintiffs may recover any punitive damages against the City under any circumstance as a matter of law.

76.     These Defendants deny all of the allegations contained in Paragraph 76 of the Complaint. It is expressly denied that Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against the City as a matter of law.

COUNT TWO:
VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
UNREASONABLE SEARCH AND ENTRY

77.     In response to Paragraph 77 of the Complaint, these Defendants incorporate by reference their previous responses to Paragraphs 1-76 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

78.     These Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     These Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     These Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     These Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     These Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     In response to Paragraph 83 of the Complaint, these Defendants deny that any of them failed to intervene and stop their fellow officers from engaging in misconduct or failed to

report misconduct because these Defendants believed they were entering the home under exigent or emergency circumstances, which is authorized under the Fourth Amendment. Consequently, Paragraph 83 of the Complaint is denied in its entirety.

84.     Regarding the allegations contained in Paragraph 84 of the Complaint, these Defendants admit that the City has a duty to properly train its officers regarding searches under the Fourth Amendment but deny that any of the officers conducted an unlawful search or entry into the House in the case at hand based on dispatch information provided to the officers. These Defendants further deny that the City breached any duty owed to the public regarding the proper training of its police officers, and therefore the allegations are denied. Any and all other allegations in Paragraph 84 of the Complaint are denied.

85.     Regarding the allegations contained in Paragraph 85 of the Complaint, the City denies that they violated any non-delegable duty by retaining officers with a propensity to commit violence toward citizens or fabricate evidence in violation of departmental policy. The City will establish that its written and trained policies on discipline of officers who violate policy were developed within constitutional requirements to protect employee rights and the public. Consequently, Paragraph 67 of the Complaint is denied in its entirety. Consequently, Paragraph 85 of the Complaint is denied in its entirety.

86.     Regarding the allegations contained in Paragraph 86 of the Complaint, the City denies the allegations contained in Paragraph 68 of the Complaint, these Defendants deny that any of them engaged in misconduct. The City will establish that all complaints of officer misconduct are properly investigated, then reviewed by command staff and an Administrative Review Committee composed of members of the public before discipline is administered by the Chief of

Police to protect employee rights and the public. The City denies that any of them engaged in misconduct. Consequently, Paragraph 86 of the Complaint is denied in its entirety.

87.     Regarding the allegations contained in Paragraph 87 of the Complaint, these Defendants admit that the City investigates use of force reports but deny that any of them used excessive force. The City denies that any policymaker has failed to properly and fully investigate officer use of force reports. Any and all other allegations contained in Paragraph 87 of the Complaint are denied.

88.     All of the allegations contained in Paragraph 88 of the Complaint are denied. These Defendant officers are not aware of any lack of action as to Page, who was not a police officer for the City.

89.     These Defendants deny the allegations contained in Paragraph 89 of the Complaint. The City specifically denies that any actions of its policymakers constituted deliberate indifference.

90.     Regarding the allegations contained in Paragraph 90 of the Complaint, these Defendants admit that the officers named in said paragraph were acting under color of law at the time of the incident giving rise to this lawsuit. All of these Defendants deny that any of them committed any negligent or intentional act that created any cause of action under 42 U.S.C. § 1983 or the United States Constitution. Defendants admit that the officers named in said paragraph were acting under color of law at the time of the incident giving rise to this lawsuit. All of these Defendants deny that any of them committed any negligent or intentional act that created any cause of action under 42 U.S.C. § 1983 or the United States Constitution. The City specifically denies that any actions of its policymakers constituted deliberate indifference to any constitutional rights of these Plaintiffs. Any and all other allegations in Paragraph 90 of the Complaint are denied.

91.     The allegations contained in Paragraph 91 do not require a response by these Defendants. To the extent a response is required, these Defendants admit said allegations in the same manner as their response to Paragraph 1 of this Answer, which is adopted by reference.

92.     These Defendants deny the allegations contained in Paragraph 92 of the Complaint. It is expressly denied that Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against any of these Defendants as a matter of law. It is expressly denied that either of the Plaintiffs may recover any punitive damages against the City under any circumstance as a matter of law.

93.     These Defendants deny all of the allegations contained in Paragraph 93 of the Complaint. It is expressly denied that the Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against the City as a matter of law.

COUNT THREE:
VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
FAILURE TO PROTECT AND RENDER AID

94.     In response to Paragraph 94 of the Complaint, these Defendants incorporate by reference their previous responses to Paragraphs 1-93 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

95.     In response to Paragraph 95 of the Complaint, these Defendants deny that any of them used excessive force against the Plaintiffs or failed to intervene or prevent their fellow defendants or anyone else from using excessive force against the Plaintiffs. These Defendants further deny that any of them made an unlawful entry into or search of the House. Any and all remaining allegations contained in Paragraph 95 are denied.

96.     In response to Paragraph 96 of the Complaint, these Defendants deny that any of them engaged in any misconduct with respect to the Plaintiffs and therefore, there was no duty to

report any misconduct to command staff. Consequently, Paragraph 96 of the Complaint is denied in its entirety.

97.     These Defendants deny the allegations contained in Paragraph 97 of the Complaint. It is expressly denied that the Plaintiffs were ever in the joint custody of all Defendant officers.

98.     In response to Paragraph 98 of the Complaint, these Defendants deny that any of them engaged in misconduct with respect to the Plaintiffs or engaged in joint custody of the Plaintiffs since they were never placed under arrest, and therefore, there was no duty to report any misconduct. Any and all remaining allegations contained in Paragraph 98 of the Complaint are denied.

99.     Regarding the allegations contained in Paragraph 99 of the Complaint, these Defendants deny that the City improperly trained its officers regarding the use of force and proper searches under the Fourth Amendment and further deny that any of the officers used excessive force or conducted an unlawful search or entry into the House in the case at hand. These Defendants further deny that the City breached any duty owed to the public regarding the proper training of its police officers, and therefore the allegations are denied. Any and all other allegations contained in Paragraph 99 of the Complaint are denied.

100.     Regarding the allegations contained in Paragraph 100 of the Complaint, these Defendants deny that the City violated any non-delegable duty by retaining officers with a propensity to commit violence toward citizens or fabricate evidence in violation of departmental policy. The City will establish that its written and trained policies on discipline of officers who violate policy were developed within constitutional requirements to protect employee rights and the public. Consequently, Paragraph 100 of the Complaint is denied in its entirety.

101.     Regarding the allegations contained in Paragraph 101 of the Complaint, these Defendants deny that any of them engaged in misconduct. The City will establish that all complaints of officer misconduct are properly investigated, then reviewed by command staff and an Administrative Review Committee composed of members of the public before discipline is administered by the Chief of Police to protect employee rights and the public. Consequently, Paragraph 101 of the Complaint is denied in its entirety.

102.     In response to Paragraph 102 of the Complaint, these Defendants deny that any of them failed to intervene, or engaged in any joint effort of failing to intervene, to stop their fellow officers from engaging in misconduct or failed to report misconduct. Consequently, Paragraph 102 of the Complaint is denied in its entirety.

103.     These Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.     These Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.     Regarding the allegations contained in Paragraph 105 of the Complaint, these Defendants admit that the officers named in said paragraph were acting under color of law at the time of the incident giving rise to this lawsuit. These Defendants deny that any of them committed any negligent or intentional act that created any cause of action under 42 U.S.C. § 1983 or the United States Constitution. The City specifically denies that any actions of its policymakers constituted deliberate indifference to any constitutional rights of these Plaintiffs. Any and all other allegations in Paragraph 105 of the Complaint are denied.

106.     The allegations contained in Paragraph 106 do not require a response by these Defendants. To the extent a response is required, these Defendants admit said allegations in the same manner as their response to Paragraph 1 of this Answer, which is adopted by reference.

107.     These Defendants deny the allegations contained in Paragraph 107 of the Complaint. It is expressly denied that the Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against any of these Defendants as a matter of law. It is expressly denied that either of the Plaintiffs may recover any punitive damages against the City under any circumstance as a matter of law.

108.     These Defendants deny all of the allegations contained in Paragraph 108 of the Complaint. It is expressly denied that Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against the City as a matter of law.

COUNT FOUR:
VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
<u>DEPRIVATION OF EQUAL PROTECTION</u>

109.     In response to Paragraph 109 of the Complaint, these Defendants incorporate by reference their previous responses to Paragraphs 1-108 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

110.     These Defendants admit the allegations contained in the first sentence of Paragraph 110 of the Complaint. These Defendants deny the allegations contained in the second sentence of Paragraph 110.

111.     These Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.     These Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.     These Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.     These Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.     These Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.     These Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.     These Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.     These Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.     Regarding the allegations contained in Paragraph 119 of the Complaint, these Defendants admit that Captain Sutton was acting under color of law at the time of the allegations against her. These Defendants deny that Captain Sutton committed any negligent or intentional act that created any cause of action under 42 U.S.C. § 1983 or the United States Constitution. Any and all other allegations in Paragraph 119 of the Complaint are denied.

120.     The allegations contained in Paragraph 120 do not require a response by these Defendants. To the extent a response is required, these Defendants admit that this lawsuit is against Captain Sutton in her official and individual capacities under this Count. These Defendants deny that any allegation in Paragraph 120 states any valid claim against Captain Sutton in her individual or official capacities.

121. Defendant Sutton denies the allegations contained in Paragraph 121 of the Complaint. It is expressly denied that Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against Defendant Sutton as a matter of law.

122. These Defendants deny all of the allegations contained in Paragraph 122 of the Complaint. It is expressly denied that Plaintiffs are entitled to recover any punitive damages, actual damages, or attorney fees against the City as a matter of law.

COUNT FIVE:<br>
<u>COMMON LAW BATTERY</u>

123. In response to Paragraph 123 of the Complaint, these Defendants incorporate by reference their previous responses to Paragraphs 1-122 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

124. These Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. These Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. These Defendants deny the allegations contained in Paragraph 126 of the Complaint. It is expressly denied that these named individual Defendants engaged in any joint venture or joint actions to cause any injuries or damages to the Plaintiffs. It is expressly denied that these Defendants engaged in actual malice or that the Plaintiffs are entitled to recover any punitive damages against any of these Defendants as a matter of law.

127. The allegations contained in Paragraph 127 do not require a response by these Defendants as to their status of suit in their individual capacities. To the extent a response is required, these Defendants deny that they are subject to individual liability because they are entitled to qualified immunity for their actions.

COUNT SIX:
COMMON LAW ASSAULT

128.     In response to Paragraph 128 of the Complaint, these Defendants incorporate by reference their previous responses to Paragraphs 1-127 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

129.     These Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.     These Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.     These Defendants deny the allegations contained in Paragraph 131 of the Complaint. It is expressly denied that Plaintiffs are entitled to recover any punitive damages against any of these Defendants as a matter of law.

132.     The allegations contained in Paragraph 132 do not require a response by these Defendants as to their status of suit in their individual capacities. To the extent a response is required, these Defendants deny that they are subject to individual liability because they are entitled to qualified immunity for their actions.

COUNT SEVEN:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

133.     In response to Paragraph 133 of the Complaint, these Defendants incorporate by reference their previous responses to Paragraphs 1-132 of the Complaint pursuant to Rule 10 of the *Federal Rules of Civil Procedure* as if fully set forth herein.

134.     These Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.     These Defendants deny the allegations contained in Paragraph 135 of the Complaint. It is expressly denied that these Defendants engaged in actual malice or that the Plaintiffs are entitled to recover any punitive damages against any of these Defendants as a matter of law.

136.     The allegations contained in Paragraph 136 do not require a response by these Defendants as to their status of suit in their individual capacities. To the extent a response is required, these Defendants deny that they are subject to individual liability because they are entitled to qualified immunity for their actions.

137.     These Defendants state that no answer is necessary from them with respect to the prayer for relief, but to the extent that an answer may be required, all of these Defendants deny that they are liable to the Plaintiffs for any damages in any amount whatsoever. The City cannot be liable for any punitive damages as a matter of law.

138.     All other allegations contained in the Complaint not heretofore admitted, explained or denied are hereby specifically denied, and these Defendants demand strict proof thereof.

### **THIRD DEFENSE**

These Defendants specifically assert all defenses applicable to them under the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. §§ 29-20-101 *et seq.*, and incorporate by reference herein all defenses specified therein. In particular, these Defendants rely upon the following provisions:

A.     T.C.A. § 29-20-205 sets out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

i. T.C.A. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

ii. T.C.A. § 29-20-205(2): False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

iii. T.C.A. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

iv. T.C.A. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. T.C.A. § 29-20-307 provides for the right to trial without a jury; and

C. T.C.A. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of the date of the incident giving rise to this action.

## FOURTH DEFENSE

These Defendants deny that the City or any of its employees violated the Plaintiffs' constitutional rights or that the City or any of its employees violated 42 U.S.C. §§1983 or 1988 in any actions taken toward the Plaintiffs.

## FIFTH DEFENSE

These Defendants submit that all of these named individual Defendants enjoy qualified immunity for certain actions as police officers of the City as they were acting pursuant to duly enacted laws of the City and the State of Tennessee.

## SIXTH DEFENSE

The City asserts that immunity is preserved for governmental entities unless a specific exception under the TGTLA removes immunity. *See Kirby v. Macon County*, 892 S.W.2d 403 (Tenn. 1994).

## SEVENTH DEFENSE

These named individual Defendants are immune from liability and are not proper parties under the TGTLA for any act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## EIGHTH DEFENSE

These Defendants deny that any claim by Plaintiffs has occurred as a result of any unconstitutional policy, custom or practice adopted by any official policymaker of the City. The City would assert that it is entitled to sovereign immunity from any liability based upon certain intentional torts and/or any negligence claims of its employees based upon the specific torts enumerated within T.C.A. § 29-20-205(2).

## NINTH DEFENSE

These Defendants would show that there was no illegal or discriminatory action taken by them, in their official or individual capacities, towards the Plaintiffs, and no actions by them occurred as a result of any unconstitutional policy, custom, or practice adopted by the City.

## TENTH DEFENSE

These Defendants deny that any of these named individual Defendants deprived Plaintiffs of any of their constitutional rights or in any way violated 42 U.S.C. §§ 1983 or 1988, the United States Constitution, or statutory or common laws of the State of Tennessee as a result of any actions taken against the Plaintiffs.

## ELEVENTH DEFENSE

The City states that it cannot be held liable for any damages asserted by the Plaintiffs claimed on the grounds that any alleged injuries sustained by the Plaintiffs were not proximately caused by or directly related to any unconstitutional policy, custom or practice of the City. The City would further specifically assert that it cannot be held liable for the actions of its employees under 42 U.S.C. § 1983 on the basis of *respondeat superior*. The City would assert that the actions of these named individual Defendants were objectively reasonable based upon the facts known to them at the time and that they did not violate the Plaintiffs' constitutional rights. Moreover, none of these Defendants' actions violated any statutory or common laws of the State of Tennessee.

## TWELFTH DEFENSE

The City would assert that no claim may be brought against any of its employees or judgment entered against its employees for any injury proximately caused by a negligent act or omission of an employee within the scope of employee's employment in any amount in excess of the limits established for governmental entities at T.C.A. § 29-20-403 pursuant to the provisions of T.C.A. § 29-20-310(c).

## THIRTEENTH DEFENSE

The City will show that it was not deliberately indifferent in providing any training or supervision of its officers in connection with this incident.

## FOURTEENTH DEFENSE

These Defendants would submit that they cannot be subject to punitive damages in this case as a matter of law. Any punitive damages claimed against these named individual Defendants, in their individual capacities, are not supported by the facts pursuant to 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927.

## FIFTEENTH DEFENSE

To the extent that the Plaintiffs have attempted to allege negligence claims against these Defendants, the Plaintiffs are barred from recovery under a negligence theory pursuant to the doctrine of comparative fault because the Plaintiffs are at least fifty (50%) percent at fault for any alleged injuries or damages sustained by the Plaintiffs.

## SIXTEENTH DEFENSE

The City will establish that it properly trained and supervised its employees above and beyond the standards required under Tennessee law. The City will establish that there was no negligent training or supervision of its officers on or before February 14, 2018, which proximately caused any injury or damages to the Plaintiffs.

## SEVENTEENTH DEFENSE

These named individual Defendants would submit that there has been insufficient service of process as the Summons and Complaint were not properly served as provided by law.

## EIGHTEENTH DEFENSE

These named individual Defendants would submit that this Court lacks personal jurisdiction over them as there has been an insufficiency in service of process.

## NINETEENTH DEFENSE

These Defendants reserve the right to assert any additional defense which its investigation or discovery reveals may apply to bar in whole or in part any of Plaintiffs' claims.

WHEREFORE, having fully answered, these Defendants pray that this cause filed against them be dismissed and that they be allowed to recover reasonable costs and attorney fees.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE


By:     s/ Melinda Foster
        MELINDA FOSTER, BPR #28769
        *Assistant City Attorney*
        PHILLIP A. NOBLETT, BPR #10074
        *City Attorney*
        100 E. 11th Street, Suite 200
        Chattanooga, Tennessee 37402
        Telephone: (423) 643-8250
        Facsimile: (423) 643-8255
        mfoster@chattanooga.gov
        pnoblett@chattanooga.gov


*Attorneys for City of Chattanooga; Officer Cody Thomas, In His Individual and Official Capacities; Officer Jason Clemons, In His Individual and Official Capacities; Officer James Elliott, In His Individual and Official Capacities; Officer Rick Van Ness, In His Individual and Official Capacities; Capt. Jerri Sutton, In Her Individual and Official Capacities; and Officer Stephen Bulkley, In His Official Capacity*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 29th day of March, 2019.


                                            s/ Melinda Foster
                                            MELINDA FOSTER

City of Chattanooga, Tennessee
Office of the City Attorney
100 E. 11th Street, Suite 200
Chattanooga, Tennessee 37402
(423) 643-8250
mfoster@chattanooga.gov